MuRdook,
dissenting: I dissent from the prevailing opinion in so far as it holds that the income for 1924 not needed to pay and discharge burdens and obligations of the trust mentioned in paragraphs (a), (b), (c), and (d) of the subdivision headed “Burdens and Obligations of the Trust ” was, under the provisions of the trust deed, income which was to be distributed currently by the fiduciary to the beneficiaries and, therefore, deductible under section 219 (b) (2) in determining the income taxable to the fiduciary. Any amount deductible in computing the net income of the trust must be included *1012 in computing the net income of the beneficiaries whether distributed to them or not. The phrase “ to be distributed currently ” appeared for the first time in the Revenue Act of 1924. The reports of the various committees do not mention the new words, but say only that section 219 has been rewritten for the sake of clarity and to prevent evasion of tax on the income of estates and trusts. The 1921 Act spoke of income of the taxable year “ to be distributed to the beneficiaries periodically, whether or not at regular intervals.” It was taxable to the estate or trust except where, under the instrument, it was distributable during the taxable year. I do not believe the 1924 Act made any change in the taxability of such income as is here involved. The intention in both acts was to prevent those interested from arbitrarily or otherwise shifting or reducing tax burdens through their control over the time and amount of actual payments. “ Currently ” must relate to the current year or some part thereof, and not to the indefinite future when for the first time the amount of the 1924 income to be distributed can be determined. Cf. Elizabeth S. Sprague, 8 B. T. A. 173. The present decision is contrary to the general scheme of the income-tax acts requiring income to be reported by annual periods on the basis of events fixed on or before the end of the year. In the case of John D. Rogers, Trustee, cited in the prevailing opinion, the trustee had the right, in his discretion, to set aside a fund sufficient to meet some anticipated obligations of the succeeding year. We held that the amount so set aside was taxable to the trust rather than to the beneficiaries, without considering whether the amount retained was more or less than the amount actually used in the succeeding year to meet the anticipated needs. The case, therefore, proves too much for the prevailing opinion and supports the view which I take. In Elizabeth S. Sprague, supra, we said: “ Unquestionably the duty to determine whether the retention of surplus income was necessary or unnecessary for that purpose rested upon the trustees, and until that duty was performed there was no distributable income.”
It is apparent that this trustee, acting with the advice of counsel, did everything in his power, before the end of the year 1924, to minimize the income-tax liability of the trust and of the beneficiaries under the trust for that year. Yet, he was unable to determine or even approximate within the year the amount of Federal gift tax due or the amount of taxes due to the State of Missouri. Furthermore, it does not appear that he was able to determine or approximate the amount of Wilson’s income-tax liability. No one suggests that he acted beyond his powers in retaining the full amount of the income for the year 1924 under the terms of the trust instrument. In his letter of May 29, 1925, he admitted that the burdens and *1013 obligations of the trust necessitated retention of the funds by him because it was impossible within the year to calculate the funds necessary to meet the obligations of the trust. He further stated that under the terms of the trust he believed it was within his discretion, and, indeed, his duty, to hold the funds in his possession in order that the liabilities and obligations could be met when they became definitely known. I agree that his interpretation, acquiesced in by the beneficiaries, was a fair one of the requirements of the trust. He further stated that the income of the trust for the fraction of the year 1924 was not subject to the demand of the beneficiaries as of December 31, 1924, and they-could not have obtained at that time actual possession of these funds. This situation, it seems to me, was within the fair intendment of the trust instrument so far as the income for that particular year is concerned. Other years might be quite different, because some large obligations were nonrecurring. I, therefore, agree with the Commissioner that the credit of the entire income to the beneficiaries did not permanently set aside any of this income for or make it available to the beneficiaries on or before December 31, 1924. To say that this particular income was “ to be distributed currently ” to them so as to render them liable for income tax upon it is a misuse of the quoted words. There was not within the year a separation or segregation of the income of the beneficiaries from the income of the trust so that the former no longer formed any part or portion of the trust property and ceased to be subject to the terms and control of that trust. Although under the terms of the trust instrument some income might have been so separated and segregated, none was in fact so treated. Therefore, under the decision in Willcuts v. Ordway, cited in the prevailing opinion, 8.11 of the income was taxable to the trust and none of it was taxable to the beneficiaries. Furthermore, the amount is not deductible under section 219 (b) (3), for the fiduciary exercised whatever discretion he had by retaining control over all of the income, and his so-called crediting was not a proper or true crediting, but a meaningless entry on the books which he never intended should be binding upon him nor effect a segregation of the funds from those of the trust.